IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES NAUM, <br><br> Plaintiff, <br><br> v. <br><br> IDAHO DHW; BARBARA K. RICHARDS & JANICE ADAMS of Region 10; LINDSAY RUSSELL; RICHARD M. ARMSTRONG; CHRISTINE ROBERSON; DANA McGREW; EDWARD P. LOCKWOOD; DOE Is; & DOE IIs, <br><br> Defendants. | Case No. CV-09-633-S-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff's Application for In Forma Pauperis Status. The

Clerk of Court conditionally filed Plaintiff's Complaint, subject to review by the

Court to determine whether Plaintiff is entitled to proceed in forma pauperis.  For

the following reasons, the Court will grant the Petition (Docket No. 7) but dismiss

Plaintiff's Complaint (Docket No. 3) with leave to amend.

## BACKGROUND

Plaintiff James Naum brings this action against employees of the

Department of Health and Human Services (DHHS), the Idaho Department of

**Memorandum Decision & Order -- page 1**

Health and Welfare (DHW), the Idaho Governor's Office, and the United States

District Court in Boise, Idaho, claiming damages related to his denial of DHHS

benefits.  Plaintiff applied for DHHS-DHW "safety net" benefits in January 2009.

According to Plaintiff, his application was denied on March 9, 2009 due to

incomplete paperwork concerning Plaintiff's bank information.  However, Plaintiff

was notified in a letter dated June 5, 2009 that he was eligible for food stamps and

for a Medicare program that "pays for Medicine Part B premiums . . . and

deductibles for income qualified beneficiaries."  *Complaint* (Docket No. 3) at 2.

Despite receiving this notice, Plaintiff asserts that he never received the described

benefits, and on June 11, 2009, DHW Hearing Officer Edward P. Lockwood issued

an order "upholding the denial of benefits" to Plaintiff.  *Id.* at 3.

Plaintiff alleges that Defendants acted dishonestly and improperly in the

handling of his claims for benefits and in his pursuit of this action.  According to

Plaintiff, the unconstitutional policies and actions of Defendants resulted in the

denial of benefits to which he was entitled.  Plaintiff also asserts common law tort

claims.

## DISCUSSION

**A.    Application To Proceed In Forma Pauperis**

Pursuant to federal statute, "any court of the United States may authorize the

commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that, "because of [his] poverty, [he] is unable to pay the costs of said proceeding or give security therefore, and that [he] believe[s] that [he is] entitled to relief." *Id*.

The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

In support of his Motion, Petitioner submitted an affidavit saying that he: (1) is currently unemployed; (2) receives Supplemental Security Income (SSI) in the amount of $780.30 per month (approximately $9,363.60 per year); (3) has a bank account with a total of $5.21; and (4) has no other assets of value. *Application for In Forma Pauperis Status* (Docket No. 1). Petitioner's annual income of $9,363.60 per year is below $10,830.00, the federal poverty measure for a single individual set forth in the United States Department of Health and Human

**Memorandum Decision & Order -- page 3**

Services' 2009 Poverty Guidelines.[1]  Accordingly, the Court finds it appropriate to grant Plaintiff's application to proceed in forma pauperis, which allows Plaintiff to pay the filing fee over time.  The Court will order Plaintiff to pay $25.00 monthly to the Clerk of Court on or before the last day of every month, starting in June 2010, until the balance of $350.00 is paid in full.

If, in light of this Order, Plaintiff chooses not to proceed, he may file a notice of voluntary dismissal prior to June 30, 2010.  If Plaintiff voluntarily dismisses this case, he will not be required to pay any part of his filing fee.  If Plaintiff chooses to proceed and amend his Complaint, he is advised that he will be required to pay, in increments, the full filing fee for having filed the Complaint, regardless of whether his case is eventually dismissed or is unsuccessful.  Plaintiff is further advised that failure to pay the monthly filing fee may result in dismissal of this case without further notice.

**B.     Initial Review of Plaintiff's Complaint**

The Court is required to conduct an initial review of complaints brought by litigants who are granted leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a claim upon which

---

[1]*See* http://aspe.hhs.gov/poverty/09poverty.shtml

**Memorandum Decision & Order -- page 4**

relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See id.* In conducting this review, pro se pleadings must be liberally construed and pro se plaintiffs must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). If the complaint can be saved by amendment, the plaintiff should be provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

A court should dismiss a complaint for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts to support the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957)). For purposes of its review, the Court must accept as true the allegations of the complaint, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850 (1976), construe the pleadings in a light most favorable to plaintiff, *id.*, and resolve all doubts in plaintiff's favor, *Ernest W. Hahn, Inc. v. Codding*, 615 F.2d 830, 834 (9th Cir. 1980).

In his Complaint (Docket No. 3), Plaintiff names the following defendants: (1) Idaho Department of Health and Welfare, (2) Barbara K. Richards of DHHS, Region 10, (3) Janice Adams, assistant to Barbara Richards, (4) Lindsay Russell,

**Memorandum Decision & Order -- page 5**

representative to Governor Butch Otter, (5) Richard M. Armstrong, Director of

DHW, (6) Christine Roberson, DHW supervisor, (7) Dana McGrew, DHW case

manager, (8) Edward P. Lockwood, DHW hearing officer, (9) Doe Is (employees

of the Idaho DHW who participated in the processing and denial of benefits to

Plaintiff), and (10) Doe IIs (clerks at the United States District Court in Boise).

Plaintiff alleges violations of the Fourth, Fifth, Eighth, and Fourteenth

Amendments, under 42 U.S.C. § 1983.  Plaintiff also asserts claims for intentional

infliction of emotional distress, and negligent supervision and training.

### 1.    Eleventh Amendment Immunity

The United States Supreme Court has determined that the Eleventh

Amendment prohibits litigants from bringing in federal court suits for monetary

damages against states, state agencies, and state officials acting in their official

capacity.[2] *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S.

139, 144-46, 113 S.Ct. 684 (1993).  Plaintiff's claims against the Idaho DHW are

therefore dismissed.

When a plaintiff, as in this case, seeks damages against a state official, the

Court construes the complaint as an individual capacity suit because an official

---

[2]The Eleventh Amendment does not bar suits for prospective injunctive relief filed against state officials.  *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908).  In this case, Plaintiff has requested relief only in the form of compensatory and exemplary damages.

capacity suit for damages would be barred.  *See Cerrato v. San Francisco Community College Dist*., 26 F.3d 968, 973 n.16 (9th Cir. 1994).  Individual capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law."  *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3009, 3105 (1985).  "A victory in such a suit is a 'victory against the individual defendant, rather than against the entity that employs him,'" and "[t]hus, the Eleventh Amendment prohibition against monetary damages imposed on a state does not apply. . . ."  *Cerrato*, 26 F.3d at 973.

A state official may have individual liability for depriving a plaintiff of a constitutional right if the state official is personally involved in doing an affirmative act, participating in another's affirmative act, or omitting to perform an act which that person is legally required to do.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  There is no respondeat superior liability under § 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  If the state official did not have personal involvement in the alleged constitutional deprivation, then plaintiff must show that the official "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th  Cir. 1991).  A supervisor may also be held liable for the constitutional violations of

subordinates if the supervisor "directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

Plaintiff here lists a number of named and yet-to-be-named employees of DHHS, the Idaho DHW, and the Idaho Governor's Office, as Defendants in this case. The Court finds that, for purposes of this initial review, Plaintiff's Complaint states sufficient facts to show that the named Defendants may have individual liability based on their personal involvement, except for Richard Armstrong and Janice Adams. Plaintiff does not assert any action, implementation of policy, direction, or personal knowledge by Armstrong or Adams, to indicate their individual liability. Claims against Armstrong and Adams are therefore dismissed with leave to amend.

### 2.    Constitutional claims

Federal law provides that "[e]very person who, under color of [law], subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . or other proper proceeding for redress." 42 U.S.C. § 1983. While it does not create substantive rights, § 1983 is a "procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To

state a claim under § 1983, a plaintiff must allege a violation of rights protected by

the Constitution or created by federal statute proximately caused by conduct of a

person acting under color of state law.  *Id.*

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons,
> houses, papers, and effects, against unreasonable
> searches and seizures, shall not be violated, and no
> Warrants shall issue, but upon probable cause, supported
> by Oath or affirmation, and particularly describing the
> place to be searched, and the persons or things to be
> seized.

U.S. Const. Amend. IV.  Under the Eighth Amendment, "[e]xcessive bail shall not

be required, nor excessive fines imposed, nor cruel and unusual punishments

inflicted."  U.S. Const. Amend. VIII.  In this case, although Plaintiff alleges

violations of Fourth and Eighth Amendment rights, he asserts no facts to support

that a Fourth or Eighth Amendment violation has occurred.  The facts as alleged do

not involve a search and seizure of property, the imposition of bail or fines, nor any

cruel and unusual punishment.  Accordingly, Plaintiff's claims under the Fourth

and Eighth Amendment are dismissed with leave to amend.

Under the Fifth and Fourteenth Amendments, no State shall deprive any

person "of life, liberty, or property, without due process of law."  U.S. Const.

Amend. V, Amend. XIV, § 1.  Plaintiff here challenges the processing and ultimate

denial of his claim for DHHS benefits – a challenge to procedure.  To succeed on a procedural due process claim, Plaintiff must show he was deprived of a constitutionally protected liberty or property interest, and denied adequate procedural protections.  *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003), *citing Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001).

"Property interests do not arise whenever an individual has 'an abstract need or desire for,' or 'unilateral expectation of,' a benefit. . . . Rather, an individual must have a legitimate claim of entitlement to the benefit created and defined by an independent source, such as state or federal law."  *Powderly v. Schweiker*, 704 F.2d 1092, 1097 (9th Cir. 1983), *quoting Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701 (1972)(other citations omitted).  The courts recognize a property interest in social security disability benefits claims.  *Richardson v. Perales*, 402 U.S. 389, 398, 401-02, 91 S.Ct. 1420 (1971); *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893 (1976); *Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir. 2001); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).

Here, Plaintiff asserts that he was entitled to DHHS "safety net" benefits, and that he received notice of his eligibility for the benefits.  According to Plaintiff, a few days after receiving this notice, he was notified that benefits were denied.  Construing the Complaint in a light most favorable to Plaintiff, and for

purposes of this initial review, the Court finds that Plaintiff has asserted a valid interest in the benefits he was denied.  The Court next considers whether Plaintiff has shown he was denied adequate procedural protections.

The Ninth Circuit considered a § 1983 challenge to the adequacy of procedural protections by state officials in evaluating plaintiffs' applications for social security benefits.  *Kildare*, 325 F.3d 1078.  The Ninth Circuit held that a procedural due process violation under § 1983 is complete only if and when the state defendants fail to provide process due to plaintiffs.  *Kildare*, 325 F.3d at 1085.  Thus, to show a procedural due process violation here, Plaintiff must show he exhausted his administrative remedies.

Plaintiff here references an appeal hearing, and states that hearing officer Edward Lockwood denied Plaintiff's request to schedule the hearing for a date when his DHW case manager – Dana McGrew –  could attend.  The Court finds that Plaintiff has asserted sufficient facts to support that he exhausted administrative remedies, for purposes of this initial review.  Plaintiff may proceed on his procedural due process claims against those Defendants not otherwise dismissed in this Order.

### 3.    Tort claims

Plaintiff also states claims for intentional infliction of emotional distress, and

**Memorandum Decision & Order -- page 11**

for negligent supervision and training.  The Idaho Tort Claims Act requires that claims against state employees be filed with the secretary of state within one hundred eighty days from "the date the claim arose or reasonably should have been discovered."  I.C. § 6-905.  Under the Act, "[n]o claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act."  I.C. § 6-908.   Plaintiff here has not indicated whether he has met the requirement of filing notice with the secretary of state.  I.C. §§ 6-905, 6-908.  The courts of Idaho have held that "failure to comply with the notice requirement bars a suit regardless of how legitimate it might be."  *Driggers v. Grafe*, 221 P.3d 521, 523 (Ct.App. 2009), *citing Greenwade v. Idaho State Tax Comm'n*, 119 Idaho 501, 503, 808 P.2d 420 (Ct.App. 1991).  Because Plaintiff has failed to show that he has met the statutory requirement, his tort claims are dismissed with leave to amend.

### 4.    Claims against Doe IIs

Plaintiff identifies Doe IIs as "those clerks at the USDC [United States District Court of] Idaho in Boise, who misdirect people who want to access this court through 42 USC 1983 action."  *Complaint* (Docket No. 3) at 2.  Plaintiff states that clerks at the USDC "tried to convince . . . plaintiff that the '1983 was only used by prisoners.'"  *Id.* at 3.  The Ninth Circuit recognizes that clerks and

administrators of the court "are entitled to absolute immunity from liability for damages" when performing tasks that are integral to the judicial process. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1142 (9th Cir. 2001), *citing Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987).

From the facts set forth in Plaintiff's Complaint here, the challenged actions of the court clerks were in the performance of an integral part of the judicial process. Accordingly, claims against Doe IIs are dismissed with leave to amend.

## C.    Leave to Amend

If Plaintiff chooses to amend his § 1983 complaint, he must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007), *citing Crumpton*, 947 F.2d at 1420. Plaintiff must also allege a sufficient causal connection between each Defendant's actions and the claimed deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1997); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

To conform to the rules of pleading, requiring a short and plain statement of the case, Plaintiff's Amended Complaint must allege in specific terms the

**Memorandum Decision & Order -- page 13**

following: (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights; (2) the dates on which the conduct of each Defendant allegedly took place; and (3) the specific conduct or action Plaintiff alleges is unconstitutional.

The amended complaint must contain all of Plaintiffs' allegations in a single pleading, and cannot rely upon or incorporate by reference prior pleadings.  D. Idaho L. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall reproduce the entire pleading as amended").  Plaintiff shall set forth each different factual allegation in a separate numbered paragraph.  The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint."

Regarding Plaintiff's tort claims, he must indicate whether, and when, he filed notice of his claims with the secretary of state.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Docket No. 7) is GRANTED, and Plaintiff's Motion (Docket No. 1) is deemed MOOT; Plaintiff shall pay $25.00 monthly to the Clerk of Court on or before the last day of every month, starting in June 2010, until the balance of $350.00 is paid in full;

**Memorandum Decision & Order -- page 14**

IT IS FURTHER HEREBY ORDERED that Defendants Idaho DHW, Richard M. Armstrong, Janice Adams, and Doe IIs are dismissed with leave to amend;

IT IS FURTHER HEREBY ORDERED that Plaintiff's claims under the Fourth and Eight Amendment are dismissed with leave to amend;

IT IS FURTHER HEREBY ORDERED that Plaintiff's tort claims are dismissed with leave to amend;

IT IS FURTHER HEREBY ORDERED that Plaintiff shall have until June 30, 2010 to amend his Complaint as described above.  If Plaintiff fails to amend, the claims conditionally dismissed in this order may be dismissed with prejudice, unless Plaintiff can establish good cause for delay.

DATED:  **April 7, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order -- page 15**