JAMES NAUM
3360 N. Collister Dr., #32
Boise, ID 83703
(503) 360-3840 (PH)
(Petitioner/Complainant)

U.S. COURTS

JUL 3 0 2010

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

BOISE

JAMES NAUM,

     Petitioner,

vs.

BARBARA RICHARDS OF REGION 10-DHHS;
GOVERNOR BUTCH OTTER; IDAHO DHW;
LINDSAY RUSSELL; RICHARD M. ARMSTRONG;
CHRISTINE ROBERSON; DANA McGREW;
EDWARD P. LOCKWOOD; DOE Is; & DOE IIs;

     Defendants.

AMENDED COMPLAINT

No. CV -09-0633-S-MHW

COMPLAINT FOR DEPRIVATION OF CIVIL &
CONSTITUTIONAL RIGHTS, AND DEMAND FOR
JURY TRIAL.

(FRCP Rule 8a; 42USC1983; US Constitu-
tional Amendments 4. 5, 8, 14; 28USCA
1343)

AMENDED COMPLAINT

Plaintiff alleges:

## INTRODUCTION

1. Plaintiff James Naum (Petitioner) brings this action against DHHS Region 10 workers, Governor of IDAHO, the State of Idaho Department of Health and Welfare (DHW), DHW Supervisors, workers, and agents, for damages arising out of the denial of Department of Health and Human Services (DHHS) benefits provided to citizens as a "safety net", and other unconstitutional policies and actions, and common law claims arising out of an abused processing of claims by "players" in the system (DHW), resulting in the denial of benefits to which the plaintiff is entitled.

## JURISDICTION

2. Plaintiff brings this action against the defendants to redress the deprivation of rights secured to him by the fourth, fifth, eighth, and fourteenth amendments to the U.S. Constitution, 42USC1983, and the common law.

3. Governor Butch Otter took a formal, personal interest in this controversy, thereby making him personally liable to this plaintiff.

4. Plaintiff is a resident of Idaho, and each defendant is a resident of Idaho, with the exception of Region 10, DHHS Defendants, who are residents of Washington, all upon information and belief of Plaintiff. The matter in controversy exceeds $75,000, exclusive of costs and interest.

5. This court has jurisdiction over this matter pursuant to 28USC1331, 1332, 1343a3, and 42USC1983.

6. Plaintiff also invokes supplemental jurisdiction of this court over plaintiff's state claims against defendants for common law violations pursuant to 28USC1367, as the common law claims form part of the same controversy.

7. Venue is proper in this district pursuant to 28USC1391.

## PARTIES

8. Plaintiff is a resident of Idaho.

9. Defendant Barbara Richards, as part of DHHS, Region 10 oversight, is sued both individually and in her official capacity for acting "out of scope of employment".

10. Defendant Governor Butch Otter is sued both individually and in his of offi-

-1-

NAUM v. IDAHO DHW, et al, Case No. CV-09-0633-S-MHW (Amended)

cial capacity for taking a personal interest in this matter, and for acting "out of scope of employment".

11.   Defendant DHW operates and governs the state of Idaho's DHW pursuant to the laws of Idaho, and in compliance with DHHS (Federal) guidelines; Lindsay Russell is the Governor's representative a nd provides oversight on the state's provision of the dual funded DHHS "Safety Net" to eligible applicants, and in doing so, provides ombudsmanship, as she did for the Plaintiff; Richard M. Armstrong is the Director (DHW); Christine Roberson is a supervisor in DHW-Region 4 AABD APP Team; Dana McGrew is the major processor of Plaintiff's application for his "safety-net" benefits, and is a CM within DHW; Edward P. Lockwood is the DHW Hearing Officer who put due process of an appeal aside, in favor of being PC and collecting his hourly billings; Doe Is are those Idaho DHW employees who participated im the processing and denial of benefits to the plaintiff; and DOE IIs are those Clerks at the USDC Idaho, Boise, who misdirect people who want to access this Court through 42USC1983 actions; the plaintiff intends to discover the identity of such persons. They are sued both individually and in their official capacities.

12.   At the time of the alleged incidents, and all times pertinent hereto, the Defendants acted under color of law, of statute, ordinance, regulation, custom, or usage; As co-conspirators and tortfeasors, they all, to one degree or another, acted "outside of scope of employment", to the detriment and damage to the plaintiff, and their personal interest in this matter makes them all personally liable to the plaintiff, in addition to any other liabilities that are discovered.

13.   Separate Notice of Suit and damages is not a requirement of 42USC1983 actions, and none is given.

## FACTS

14.   In January 2009, complete application for the DHHS-DHW "safety-net" benefits, with complete supportive documentation, was filed at the samaratin Village apartments, by the Service Coordinator Stephanie Atkins, on behalf of the Plaintiff.

15.   02-06-09, an unnamed CM from Region 4 processing, wrote a letter to the Plaintiff stating it wanted the documentation already sent to them (this may explain why it can take 1-2 years to process claims at Boise DHW), or food stamps would be denied; the requested items were re-mailed on 02-13-09.

16.   03-03-09, CM Dana McGrew mailed a notice the application for Medicare is DENIED, because the verification of Two bank accounts (there is only one) were not received (deliberate obfuscation); in compliance with the letter instructions, calls were made to, and faxes were sent to Ms. McGrew, who totally ignored them (they were made 03-06-09).

17.   03-04-09, the items requested were faxed to Ms. McGrew, and to Lindsay Russell at the Governor's office (after calling her about communication and application problems - at 208-854-3036), and to Ms. McGrew through her supervisor Ms. Christine Roberson - at 208-334-6912.

18.   03-09-09, Ms. McGrew denied the Medicare application because she did not get the bnak statements faxed to Christina Roberson on 03-04-09; calls to Ms. McGrew went unresponded to, so plaintiff faxed a letter to Lindsay Russell, explaining there was only one bank account(not two), and that Ms. McGrew does not respond to faxes or calls, and requesting her intervention (she said earlier the plaintiff was entitled to medicare).

19.   In response to an inquiry made on plaintiff's behalf, by the Hon. Mike Sompson, MSMC, the DHW Director used his letter to innundate the Congressman with false statements (later refuted by letter from Region 10, Seattle, WA), and specifying the January 2009 application was for "food stamps, medicaid, AASD cash grant,

NAUM v. IDAHO DHW, et al, Case No. CV-09-0633-S-MHW (amended)

AABD Medicaid, and the Medicare premium program; in it he stated that since "plain-
tiff did not have medicare, he could not have the benefit funded"(in total contra-
diction of what Ms. Russell had said earlier: "you'll get medicaid"; Governor Butch
Otter expressed his personal interest in this matter, and had a copy of this letter
sent to him.

    20.  By letter of 06-05-09, Region 10 Assistant Administrator, Ms. Barbara
Richards, notified the plaintiff that "IDHW confirmed your elegibilty for food
stamps, and that you are eligible for the OMB program (Medicare) which pays for
Medicare Part B premiums (a contradiction of the Director's letter to member of Con-
gress Mike Simpson, and the GOVERNOR) and deductibles for income qualified bene-
ficiaries; THESE BENEFITS WERE NEVER RECEIVED BY THE PLAINTIFF!

    21.  06-08-09 plaintiff faxed request for definition of "received", as it per-
tains to unearned income (social security), for a benefit determination, advising
it was essential to a pending appeal hearing in Idaho, to Ms. Richards, went unre-
sponded to (superfluous since Ms. Richards had already determined the plaintiff
was entitled to the benefit sought); the hearing was being rescheduled pending
its receipt; a copy of the letter was faxed to Mr. Lockwood, the hearing officer.

    22.  06-08-09, plaintiff faxed letter to Lindsay Russell describing the lack
of response from Region 10, with the definition needed for the appeal hearing (05-
26-09), and citing the vast disparity between processing applications in Cauldwell
(one day) and Boise (1-2 years); copies were faxed to Region 10, and Mr. Lockwood.

    23.  06-08-09, plaintiff faxed letter to Mr. Lockwood, indicating a hearing
without the principle DHW CM, Ms. McGrew (she had taken ill and rescheduled hear-
ing, according to her secretary) would not be possible, since the proposed substi-
tute would rely on hearsay and be unabe to respond to queries from the plaintiff;
Mr. Lockwood chose to hold the hearing without the plaintiff or the DHW CM, and
terminated the appeal without acknowledging the fault attributable to DHW, and lack
of attendance by DHW key witness Ms. McGrew.

    24.  06-11-09, Mr. Lockwood issued his order citing plaintiff8s lack of appear-
ance, and not Ms. McGrew's, as the justification for denying the appeal and his
benefits; he ignored Ms. Richard's letter that contradicted his conclusions.

    25.  On or about 11-02-09, plaintiff called the USDC of Idaho, Boise, and was
misdirected when trying to get an application for his Idaho DHW 42USC1983 suit;
on the phone, and repeated at the Clerk's desk, the Clerk tried to convince this
plaintiff that the "1983 was used only by prisoners"; she was apparently trying to
shield the ladies of DHW from suit; the security lady there intervened and gave
the plaintiff the necessary forms.

    26.  Upon information and belief, at all times pertinent hereto, Idaho and
Region 10, permitted and tolerated a pattern and practice of bad behavior (lying
miscommunications, and obfuscation) by their workers and supervisors, and these
actions were not aggressively, honestly, or properly investigated, to prevent the
damages inflicted on the plaintiff, by the mishandling of his claims.

## SUMMATION

    In greater or lessor degree, each of the defendants participated in a conspi-
racy that deprived plaintiff of his constitutional, civil, and common law rights
to a "safety-net" of DHHS mandated benefits, to which he was entitled. They did
this intentionally, willfully, maliciously, with wanton indifference to plaintiff's
rights, and were abusive, extreme, outrageous, and unjustified, and were such that
they caused, among other damages, plaintiff's Congestive Heart Failure (stable at
26% return for over 9 years) to deteriorate to a 15% return (heart function); their
intentional infliction of emotional distress through the intentional abuse of pro-
cess, done with the express approval of the State of Idaho (which acquiesced in
accepting defendants's wrongfull conduct, and ignoring its duty to provide adequate

NAUM v. IDAHO DHW, et al, Case No. CV-09-0633-S-MHW (amended)

training, supervision, and control of the defendants and their agents), altogether making the defendants, including the State Governor and DHW, subject to exemplary damages, in addition to compensatory damages; the extent of the damage es attributable to the separate players will be better identified after discovery.

Many citizens have suffered similar experiences, and it may be appropriate to convert this suit to a Class Action, and plaintiff is considering doing that.

WHEREFORE, plaintiff requests this Court to enter judgement against the defendants, and award the following damages:

a. $ 50,000 compensatory damages and $150,000 exemplary damages from DHW employee/workers, in favor of plaintiff;

b. $ 5,000,000 compensatory damages and $15,000,000 exemplary damages from the Governor, in favor of plaintiff; same damages from DHW Director Armstrong.

c. $ 1,000 compensatory damages from Ms. Barbara Richards and Ms. Lindsay Russell, in favor of plaintiff;

d. $ 1,500,000 compensatory damages and $ 4,500,000 exemplary damages from Mr. Lockwood, in favor of plaintiff;

e. $ 8,500,000 compensatory damages and $ 17,000,000 exemplary damages from Idaho DHW, in favor of the plaintiff;

f. Costs of this action, including reasonable attorney fees to the plaintiff; and

g. Such other and further relief as this Court may deem appropriate.

_James Naum_
Plaintiff/Complainant
Petitioner

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of FRCP, Plaintiff demands a trial by jury.

Dated: July 30, 2010

_James Naum_
Plaintiff/Complainant
Petitioner
James Naum,
503-360-3840

-4-