UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES NAUM,<br><br>    Plaintiff,<br><br> v.<br><br>BARBARA RICHARD of DHHS, Region 10; GOVERNOR BUTCH OTTER; IDAHO DHW; LINDSAY RUSSELL; RICHARD M. ARMSTRONG; CHRISTINE ROBERSON; DANA McGREW; EDWARD P. LOCKWOOD; DOE Is; and DOE IIs,<br><br>    Defendants. | Case No. 1:09-cv-633-BLW<br><br>**SECOND REVIEW ORDER** |

**INTRODUCTION**

  Before the Court is an Amended Complaint (Dkt. 16), filed by Plaintiff James Naum. The Court previously granted Mr. Naum in forma pauperis status and conducted a review of his initial complaint (Dkt. 3). In its Order (Dkt. 10), the Court dismissed a number of claims and defendants, but granted Mr. Naum leave to amend. The Court directed Mr. Naum to make monthly payments of $25, starting June 1, 2010, until his $350 filing fee was paid in full. Mr. Naum has not made any payments. Mr. Naum filed his Amended Complaint by the deadline set when Mr. Naum's request for an extension of

time was granted. In August 2010, the Court dismissed Mr. Naum's case (Dkt. 17) for non-compliance with orders requiring monthly filing fee payments, and Mr. Naum filed a Notice of Appeal to the Ninth Circuit Court of Appeals (Dkt. 18). The Court then entered a Notice (Dkt. 21) that it would reconsider its order and judgment dismissing Mr. Naum's case. The Ninth Circuit remanded to this Court for reconsideration (Dkt. 22). The Court now reconsiders its Order and Judgment dismissing Mr. Naum's case, and reviews Mr. Naum's Amended Complaint to determine whether it states a claim or claims on which relief can be granted.

## BACKGROUND

In its initial review order (Dkt. 10), the Court granted leave for Mr. Naum to amend his complaint, and indicated that an amended complaint must contain all of a plaintiff's allegations in a single pleading, and not reference any prior pleading, under Idaho District Court Local Rule 15.1. *Order,* Dkt. 10 at 14. Mr. Naum's amended complaint is substantially different from his initial complaint. In keeping with Local Rule 15.1, the Court will assess the claims alleged in the amended complaint only, without consideration of factual allegations that may have been asserted in the initial complaint, but not reasserted here.

Mr. Naum brings this action claiming damages related to denial of DHHS benefits to which he claims he was entitled. Mr. Naum applied for DHHS-DHW "safety net" benefits in January 2009. According to Mr. Naum, his application was denied on March 9, 2009 due to incomplete paperwork concerning his bank information. However, Mr.

Naum was notified in a letter dated June 5, 2009 that he was eligible for food stamps and for a Medicare program that "pays for Medicine Part B premiums . . . and deductibles for income qualified beneficiaries." *Am. Compl.,* Dkt. 16 at 3. Despite receiving this notice, Mr. Naum asserts that he never received the described benefits, and on June 11, 2009, DHW Hearing Officer Edward P. Lockwood issued an order denying his appeal and benefits. *Id*. at 3.

Mr. Naum names Director of IDHW Richard Armstrong as a defendant and alleges that he "inundate[d] [] Congressman Mike Sompson (sic) with false statements" concerning Mr. Naum's application for and entitlement to benefits. *Am. Compl.,* Dkt. 16 at 2-3. Naum also names Governor Butch Otter as a defendant, alleging that Governor Otter "expressed personal interest in this matter," and received a copy of an inquiry letter that Mr. Naum sent to Congressman Simpson. *Id.* at 3. Mr. Naum asserts that Governor Otter's representative, Lindsay Russell, received copies of documents and letters, sent by Mr. Naum, regarding his benefit application. Finally, Mr. Naum alleges that clerks at the District Court of Idaho "misdirect people who want to access this Court." *Id.* at 2.

Mr. Naum asserts that all named defendants "participated in a conspiracy that deprived plaintiff" of benefits to which he was entitled. Mr. Naum alleges that defendants acted willfully and maliciously, causing emotional and physical damage, supporting his claims in tort.

## DISCUSSION

The Court finds it appropriate to vacate its order and judgment dismissing Mr.

Naum's case based on his non-compliance with orders requiring incremental payments of his filing fee. The Court now reviews Mr. Naum's amended complaint, as required under 28 U.S.C. § 1915(e)(2). For the following reasons, the Court finds that Mr. Naum has stated cognizable claims with respect to some defendants. The Court also dismisses a number of claims and defendants, finding that Mr. Naum has failed to state sufficient allegations on which to proceed. The Court is mindful that pro se pleadings must be liberally construed and the pro se plaintiff given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). However, the Court must also bear in mind recent U.S. Supreme Court decisions which require that complaints make plausible factual assertions in order to survive dismissal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

### A. Eleventh Amendment Immunity

In the Court's first review order, it dismissed claims against Idaho DHW, finding that Eleventh Amendment immunity applies, and prohibits suit against a state, state agency, or state official working in his or her official capacity. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46, 113 S.Ct. 684 (1993). On this basis, the Court here affirms its dismissal of Idaho DHW.

The Court will also dismiss claims against Governor Otter, in his official capacity. To the extent that Mr. Naum names Governor Otter in his individual capacity, the Court finds that he has failed to state a sufficient claim. A state official may have individual liability for depriving a plaintiff of a constitutional right if the state official is personally

involved in doing an affirmative act, participating in another's affirmative act, or omitting to perform an act which that person is legally required to do. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Mr. Naum has failed to allege facts that support, with any plausibility, the claim that Governor Otter had any personal involvement in the denial of benefits to Mr. Naum. Claims against Governor Otter will be dismissed.

### B. No Respondeat Superior Liability

There are two theories under which a state official may be held liable for actions taken in his or her individual capacity: (1) personal involvement in the act that caused the injury; or (2) sufficient causal connection between the official's act and the injury. There is no "respondeat superior" liability under § 1983, meaning that supervisors are not liable for their subordinate employees' actions simply because they are supervisors. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Mr. Naum's allegations against Director of IDHW Richard Armstrong do not indicate that Mr. Armstrong had personal involvement in the denial of Mr. Naum's benefits. The allegations provide only that Mr. Armstrong "inundate[d] [a] Congressman with false statements." *Am. Compl.*, Dkt. 16 at 2. This involvement fails to support any connection between Mr. Armstrong and the denial of Mr. Naum's benefits. Claims against Mr. Armstrong will be dismissed.

Mr. Naum names Christine Roberson, a DHW supervisor to Dana McGrew, as a defendant. The only allegations against Ms. Roberson are that she is Ms. McGrew's supervisor, and that Mr. Naum faxed documents to Ms. Roberson, relating to his

application for benefits. *Am. Compl*, Dkt. 16 at 2. Mr. Naum has failed to allege sufficient allegations to state a claim against Ms. Roberson. There is no indication that Ms. Roberson was a moving force behind Mr. Naum's benefit denial. Accordingly, claims against Ms. Roberson will be dismissed.

### C. No Showing of Fourth or Eighth Amendment Violations

In its review of Mr. Naum's initial complaint, the Court dismissed claims of Fourth and Eighth Amendment violations for failure to allege facts in support of such claims. *Order*, Dkt. 10 at 8. In his amended complaint, Mr. Naum provides no additional facts to support these claims. Accordingly, the Court will dismiss Mr. Naum's Fourth and Eighth Amendment claims.

### D. Statutory Requirements For Tort Claims Not Met

Mr. Naum alleges intentional infliction of emotional distress, and negligent supervision and training. As noted in the Court's order reviewing Mr. Naum's initial complaint, the Idaho Tort Claims Act provides that "[n]o claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act," with the secretary of state. I.C. §§ 6-908, 6-905. Should Mr. Naum show that he has met the statutory requirements, the Court will exercise supplemental jurisdiction over these claims.

### E. Absolute Immunity For Clerks and Administrators of the Court

The Court previously dismissed Mr. Naum's claim(s) against clerks at the District Court of Idaho in Boise. As noted in the Court's prior order, clerks and administrators of

the court "are entitled to absolute immunity from liability for damages" when performing tasks that are integral to the judicial process. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1142 (9th Cir. 2001), *citing Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987). Mr. Naum has asserted no new facts in his amended complaint showing that the challenged actions by the court clerks, identified as Doe IIs, were anything other than actions performed as an integral part of the judicial process. Accordingly, claims against Doe IIs are dismissed.

### F. Due Process Claims May Proceed Against Some Defendants

Mr. Naum asserts that his due process rights under the Fifth and Fourteenth Amendments were violated in the denial of his "safety-net" benefits by IDHW and DHHS. As discussed in the Court's review of Mr. Naum's initial complaint, the courts have recognized a property interest in benefits claims.[1] For purposes of this preliminary review, assuming the truth of Mr. Naum's allegations, and construing them liberally, the Court finds that Mr. Naum has asserted sufficient factual bases to pursue constitutional due process claims against some, but not all, defendants.

#### (1) *Claims against Dana McGrew and Edward Lockwood*

---

[1] "Property interests do not arise whenever an individual has 'an abstract need or desire for,' or 'unilateral expectation of,' a benefit. . . . Rather, an individual must have a legitimate claim of entitlement to the benefit created and defined by an independent source, such as state or federal law." *Powderly v. Schweiker*, 704 F.2d 1092, 1097 (9th Cir. 1983), *quoting Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701 (1972)(other citations omitted). The courts recognize a property interest in social security disability benefits claims. *Richardson v. Perales*, 402 U.S. 389, 398, 401-02, 91 S.Ct. 1420 (1971); *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893 (1976); *Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir. 2001); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).

Mr. Naum asserts that Dana McGrew was directly involved in the denial of his benefits, and violations of due process with respect to such denial. Mr. Naum also alleges that IDHW hearing officer Edward Lockwood was integral to the denial of his appeal regarding his benefits determination. Against these two identified defendants, Mr. Naum has stated a sufficient claim.

**(2)** *Claims against Barbara Richards and Lindsay Russell*

Mr. Naum alleges that Barbara Richards, administrator for Region 10 DHHS, notified him by letter on June 5, 2009 that he was eligible for certain Medicare benefits. *Am. Compl.*, Dkt. 16 at 3. In his amended complaint, Mr. Naum fails to connect this action by Ms. Richards, with a violation of his entitlement to benefits. Claims against Ms. Richards are therefore dismissed.

Mr. Naum names Lindsay Russell, a representative of Governor Otter, as a defendant. Mr. Naum asserts that he faxed a number of documents and letters pertaining to his application for benefits, to Ms. Russell. That Mr. Naum sent Ms. Russell documents reveals no plausible connection between Ms. Russell and the denial, or process of denial, of Mr. Naum's benefits. The Court will therefore dismiss claims against Ms. Russell.

**ORDER**

**IT IS ORDERED THAT:**

1. The Court's order and judgment (Dkts. 15, 17) dismissing Plaintiff's case are VACATED.

2. Plaintiff may proceed with respect to the following claims: tort claims and due process claims under the Fifth and Fourteenth Amendments.

3. Plaintiff may proceed against the following defendants: Dana McGrew and Edward Lockwood.

4. Plaintiff's claims asserting violations of the Fourth and Eighth Amendment are DISMISSED.

5. Plaintiff's claims against the following defendants are DISMISSED: Barbara Richards, Christine Roberson, Idaho DHW, Governor Butch Otter, Richard Armstrong, Lindsay Russell, and Doe IIs.

DATED: **November 2, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge