UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES NAUM,<br><br>                Plaintiff,<br><br>    v.<br><br>DANA McGREW; EDWARD LOCKWOOD; DOE Is.<br><br>                Defendants. | Case No. 1:09-CV-633-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Leave to Amend (Dkt. 43).

## FACTUAL AND LEGAL BACKGROUND

Plaintiff James Naum brings this action seeking damages related to the denial of his application for "safety-net" benefits by the regional Department of Health and Human Services (DHHS) and Idaho Department of Health and Welfare (DHW). According to Mr. Naum, his application was denied on March 9, 2009 by Defendant Dana McGrew, a DHW employee, due to insufficient bank account documentation. *Am. Compl.*, Dkt. 16 at ¶ 14. Mr. Naum transmitted complaints and documents related to the benefits denial to the offices of United States Congressman Mike Simpson and Governor Butch Otter. *Id.* at ¶¶ 17, 20.

On June 5, 2009, Mr. Naum was notified that he was eligible for food stamps and a Medicare program that "pays for Medicine Part B premiums . . . and deductibles for income qualified beneficiaries." *Id.* at ¶ 18. This notice notwithstanding, Mr. Naum claims that he never received the awarded benefits. Mr. Naum faxed a protest letter to DHW Hearing Officer Edward Lockwood and requested a hearing. *Id*. at ¶ 21. Ms. McGrew, the person most familiar with Mr. Naum's case, was sick and unable to attend the scheduled hearing. Mr. Naum did not attend after asking Mr. Lockwood to reschedule. On June 11, 2009, Mr. Lockwood issued an order denying Mr. Naum's benefits and appeal. *Id*. at ¶ 22.

In November of 2009, Mr. Naum contacted the clerk's office of this Court, and was allegedly told that § 1983 suits are only utilized by prisoners. *Id*. at ¶ 23.

Mr. Naum filed his initial complaint in this matter on December 7, 2009. Dkt. 3. Mr. Naum asserted myriad causes of action against DHW, Barbara Richards and Janice Adams (DHHS regional officials), Lindsay Russell (staffmember of Governor Otter), Richard Armstrong and Christine Roberson (DHW officials), Dana McGrew, Edward Lockwood, Doe Is (DHW employees), and Doe IIs (United States District Court for the District of Idaho Clerk's Office staff). The Court previously dismissed (1) all claims against Defendants DHW, Armstrong, Adams, and Doe IIs, with leave to amend; (2) all claims under the Fourth and Eighth Amendment with leave to amend; (3) all tort claims with leave to amend. Dkt. 10.

Mr. Naum filed his amended complaint on July 16, 2010, asserting myriad causes

of action against DHW, Barbara Richards, Lindsay Russell, Richard Armstrong, Christine Roberson, Dana McGrew, Edward Lockwood, Doe Is (DHW employees), and Doe IIs (United States District Court for the District of Idaho Clerk's Office staff). Dkt. 16. Mr. Naum added a claim against Governor Butch Otter. The Court initially dismissed the amended complaint due to Mr. Naum's failure to pay any of his in forma pauperis filing fees (Dkt. 17), but subsequently reconsidered (Dkt. 21). In its Second Review Order, the Court dismissed (1) all claims under the Fourth and Eighth Amendment, and (2) all claims against Barbara Richards, Christine Roberson, DHW, Governor Otter, Richard Armstrong, Lindsay Russell, and Doe IIs. Surviving claims consisted of tort and due process claims under the Fifth and Fourteenth Amendments against Dana McGrew, Edward Lockwood, and Doe Is. Dkt. 24.

Mr. Naum moved for leave to file a proposed second amended complaint on March 7, 2011, asserting claims against previously dismissed defendants DHW, Barbara Richards and Janice Adams, Lindsay Russell, Richard Armstrong, Christine Roberson, Doe Is, and Governor Otter. Dkt. 43. Mr. Naum asserted new claims against unnamed Ada County Jail medical staffers, the 4th District Court Magistrate, and Wendy Olson, the United States Attorney for the District of Idaho. Defendants oppose Mr. Naum's motion for leave to amend. Dkts. 46, 49.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Where a complaint has been amended once, a party may

MEMORANDUM DECISION AND ORDER - 3

amend the complaint only with the written consent of the opposing party or with leave of the court. Fed. R. Civ. P. 15(a)(2). Although a court should freely grant leave to amend the pleadings when justice requires it, a "district court's discretion to deny leave to amend is particularly broad where a plaintiff has previously amended the complaint." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). A district court . . . may . . . deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotation and alteration omitted).

## ANALYSIS

Before considering the viability of Mr. Naum's claims, the Court will first determine which defendants are immune from suit or should otherwise be dismissed from this matter.

A. <u>New and Previously Dismissed Defendants</u>

    1. Wendy Olson

Mr. Naum names Wendy Olson, United States Attorney for the District of Idaho, as a defendant for the first time in his proposed second amended complaint, alleging that his constitutional rights were violated by Ms. Olson's failure to prosecute staff of the Ada County jail for attempting to murder him via medicinal pharmaceuticals. *Proposed Second Am. Compl.*, Dkt. 43-1 at 5. Prosecutorial immunity bars a civil rights suit against

Ms. Olson. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Accordingly, the Court will not grant leave to amend the complaint to include Ms. Olson as a defendant.

    2.    Idaho Department of Health and Welfare

The Court previously dismissed Mr. Naum's claims against the Idaho DHW on the basis of Eleventh Amendment sovereign immunity. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 US 139, 144-146 (1993). Mr. Naum provides no new facts to support this claim in his proposed second amended complaint. Accordingly, the Court will not grant leave to amend to re-name the Idaho DHW as a defendant.

    3.    Governor Butch Otter

The Court previously dismissed Mr. Naum's claims against Governor Otter in his official capacity on the basis of Eleventh Amendment sovereign immunity. *Id.* The Court has previously dismissed the claims against Governor Otter in his personal capacity because Mr. Naum failed to allege plausibly that Governor Otter was personally involved in the denial of his benefits. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Mr. Naum provides no new facts to support these claims in his proposed second amended complaint.

Mr. Naum does make new allegations that Governor Otter, through agents, arranged punitive bail and attempted to murder him. *Proposed Second Am. Compl.*, Dkt. 43-1 at 5. Amendment to include this claim would be futile, because the allegations are conclusory and do not state a plausible claim for relief. Mr. Naum states no facts showing that Governor Otter actually "used agents" to harm him. Accordingly, the Court

MEMORANDUM DECISION AND ORDER - 5

will not grant leave to amend to re-name Governor Otter as a defendant.

   4.   Richard Armstrong and Christine Roberson

The Court previously dismissed Mr. Naum's claims against Richard Armstrong and Christine Roberson, officials with the Idaho DHW. A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Mr. Naum's proposed second amended complaint, like the earlier iterations, contains allegations supporting only a respondeat superior theory of liability against these defendants. No new, plausible personal involvement in the denial of Mr. Naum's benefits is alleged; at most, Ms. Roberson might have received faxed information from Mr. Naum. Accordingly, the Court will not grant leave to amend to re-name Mr. Armstrong and Ms. Roberson as defendants.

   5.   Barbara Richards and Janice Adams

Ms. Richards is an official with the regional DHHS; Ms. Adams is her assistant. The Court dismissed the amended complaint's claims against Ms. Richards because the only allegations concerning her consisted of a letter dated June 9, 2009, in which she informed Mr. Naum that he was eligible for certain Medicare benefits. *Order*, Dkt. 24 at 8. No new, plausible personal involvement in the denial of Mr. Naum's benefits is alleged. Accordingly, the Court will not grant leave to amend to re-name Ms. Richards as a defendant.

Ms. Adams was named in the original complaint, but not named in the amended complaint. The Court dismissed all claims against Ms. Adams due to Mr. Naum's failure to allege any personal involvement in the denial of his benefits. *Order*, Dkt. 10 at 8. Mr. Naum moves now to re-name Ms. Adams. The proposed second amended complaint is devoid, however, of any allegations relating to Ms. Adams, aside from her employment as Ms. Richards' assistant. Accordingly, the Court will not grant leave to amend to re-name Ms. Adams as a defendant.

6. Lindsay Russell

The Court previously dismissed all claims against Ms. Russell, an assistant to Governor Otter, because Mr. Naum failed to allege any plausible personal involvement in the denial of his benefits. *Order*, Dkt. 24 at 8. Mr. Naum reiterates his allegations that he faxed numerous documents related to the denial of his benefits to Ms. Russell. *Proposed Second Am. Compl.*, Dkt. 43-1 at 2. No causal connection between these faxes and the denial of benefits is alleged. Accordingly, the Court will not grant leave to amend to re-name Ms. Russell as a defendant.

7. Doe IIs

The Court previously dismissed all claims against Doe IIs, clerks of the United States District Court for the District of Idaho. *Order*, Dkt. 24 at 6. Court clerks or administrators are entitled to absolute immunity from liability for damages "when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987). The proposed second amended

complaint contains no new allegations against the Doe IIs, only the conclusory statement that "[g]iving out false information and instructions is not part of the judicial process!" *Proposed Second Am. Compl.*, Dkt. 43-1 at 5. Accordingly, the Court will not grant leave to amend to re-name Doe IIs as defendants.

    8.    Ada County Jail Medical Staffers

The proposed second amended complaint alleges that the Ada County jail medical staff denied Mr. Naum heart medication for two weeks, denied him a doctor's visit, and gave him allegedly improper medication. *Proposed Second Am. Compl.*, Dkt. 43-1 at 5. Construed liberally, these allegations state a plausible Eighth Amendment claim of deliberate indifference on the part of the unnamed staff. *See, e.g., Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a prisoner can establish deliberate indifference by showing that a delay in treatment was "medically unacceptable"); *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) (en banc) ("[a prisoner] can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment."). Under the Eighth Amendment's standard of deliberate indifference, a person is liable for denying a prisoner needed medical care only if the person "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Though Mr. Naum does not specifically allege the requisite mental state, it does not appear that amendment would necessarily be futile. Accordingly, the Court will grant leave to amend this claim.

    9.    4th District Court Magistrate Judge

Mr. Naum seeks to add as a defendant an unnamed 4th District Court Magistrate Judge, alleging that the judge imposed upon him a punitive bail. *Proposed Second Am. Compl.*, Dkt. 43-1 at 5. Mr. Naum's allegations are conclusory and barred by judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Accordingly, the Court will not grant leave to amend to add this claim against the unnamed judge.

B.  Claims Against Remaining Defendants

The remaining defendants are Edward Lockwood and Dana McGrew, both of whom are employees of DHW; Doe Is, who are unnamed employees of DHW allegedly involved in the denial of Mr. Naum's benefits; and unnamed Ada County Jail medical staffers. Mr. Naum has for the first time in the second amended complaint delineated his general allegations into specific claims. The Court will now consider the extent to which Mr. Naum's claims are applicable to these remaining defendants and whether leave will be granted to amend the complaint to include particular claims.

1.  Count I - Violation of Constitutional Rights by all Defendants

Mr. Naum alleges that all named defendants violated his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. *Proposed Second Am. Compl.*, Dkt. 43-1 at 3. In its review of Mr. Naum's amended complaint, the Court dismissed claims of Fourth and Eighth Amendment violations for failure to allege facts in support thereof. *Order*, Dkt. 24 at 6. As discussed in the context of the unnamed Ada County Jail medical staffers, Mr. Naum has now alleged a colorable Eighth Amendment violation, and will be allowed to amend his complaint to provide greater specificity regarding this

MEMORANDUM DECISION AND ORDER - 9

claim.

Mr. Naum has made no new plausible allegations sufficient to support a Fourth Amendment claim. Accordingly, the Court will not grant leave to amend this claim.

Regarding due process claims brought under the Fifth and Fourteenth Amendments, the Court has previously determined that Mr. Naum's allegations state a colorable due process claim against Mr. Lockwood and Ms. McGrew. *Order*, Dkt. 24 at 7-8.

The claims against Doe Is are generally the same as those alleged against Mr. Lockwood and Ms. McGrew: improper denial of benefits. Within 45 days, Mr. Naum shall state with specificity the names of the actors alleged to have engaged in this conduct or the claim shall be dismissed, as the Court cannot effect service on unnamed defendants.

2. Count II - Violation of Constitutional Rights by all Defendants

The Court will not grant leave to amend the complaint to include this claim for exemplary, rather than compensatory, damages because it is duplicitous of the first claim.

3. Count III - Violation of Statutory Civil Rights by all Defendants

Mr. Naum has not alleged any civil rights violations distinct from his earlier constitutional claims. *Id.* Accordingly, the Court will not grant leave to amend this claim.

4. Count IV - Conspiracy to Violate Civil Rights by all Defendants

This claim is currently insufficient, as Mr. Naum only makes the conclusory

statement that the defendants engaged in a conspiracy to deprive him of his civil rights. Additionally, a plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2) and 1985(3) require the element of class-based animus). Though rife with allegations of individual improper conduct and innuendo of conspiracy, the complaint is devoid of factual allegations that specific defendants actively agreed to engage in a conspiracy to deny Mr. Naum's benefits based on his race or class.

It is not clear, however, that amendment of this claim would be futile, and Mr. Naum has not previously asserted a conspiracy claim. Accordingly, leave to amend this claim is granted. Specific facts, as opposed to conclusions, must be alleged if the claim is to proceed.

5. Count V - Intentional Infliction of Emotional Distress by all Defendants

The Court previously dismissed this tort claim due to Mr. Naum's failure to present the claim to the Secretary of State as required by I.C. §§ 6-905, 6-908. *Order*, Dkt. 24 at 3. Mr. Naum has not alleged that he did, in fact, present this tort claim. Accordingly, the Court will not grant leave to amend the complaint to re-allege this claim.

6. Count VI - Intentional Infliction of Emotional Distress by all Defendants

The Court will not grant leave to amend the complaint to include this claim for exemplary, rather than compensatory, damages for the reasons stated in the previous

section.

7. Count VII - Respondeat Superior Liability - State of Idaho

The Court will not grant leave to amend the complaint to include this claim because the State of Idaho is immune from such suit and is dismissed as a defendant. *Puerto Rico,* 506 US at 144-146.

8. Count VIII - Negligence by all Defendants

The Court previously dismissed this tort claim due to Mr. Naum's failure to present the claim to the Secretary of State as required by I.C. §§ 6-905, 6-908. *Order*, Dkt. 24 at 3. Mr. Naum has not alleged that he did, in fact, present this tort claim. Accordingly, the Court will not grant leave to amend the complaint to re-allege this claim.

9. Count IX - Negligence by all Defendants

The Court will not grant leave to amend the complaint to include this claim for exemplary, rather than compensatory, damages for the reasons stated in the previous section.

10. Count X - Negligence - Idaho DHW

The Court will not grant leave to amend the complaint to include this claim both because it is not alleged to have been presented to the Secretary of State pursuant to I.C. §§ 6-905, 6-908, and because the DHW is immune from suit and is dismissed as a defendant. *Puerto Rico,* 506 US at 144-146.

11. Count XI - Negligence - Idaho DHW

The Court will not grant leave to amend the complaint to include this claim for

exemplary, rather than compensatory, damages for the reasons stated in the previous section.

12. Count XII - Denial of Medical Treatment and Safety Net Benefits

This claim is the same as Mr. Naum's first constitutional due process claim alleging the improper denial of benefits. Accordingly, the Court will not grant leave to amend the complaint to include this claim.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend (Dkt. 43) is **granted in part and denied in part**.

2. Leave to amend the complaint to name Wendy Olson, Governor Otter, Richard Armstrong, Christine Roberson, Barbara Richards, Janice Adams, Lindsay Russell, Doe IIs, and an unnamed 4th District Court Magistrate judge as defendants is **denied**.

3. Leave to amend the complaint to allege Counts II-III, and V-XII is **denied**.

4. Leave to amend Count IV is granted. Plaintiff shall state with particularity the facts giving rise to the cause of action, and the specific defendants who engaged in the conduct allged. Conclusory allegations insufficient to state a claim for relief shall be dismissed

5. Plaintiff may proceed on Count I against defendants Edward Lockwood and Dana McGrew.

6. Plaintiff may proceed on Count I against Doe Is, any unnamed DHW employees who improperly denied him benefits.

7. Plaintiff may proceed on Count I against unnamed Ada County Jail medical staffers.

8. Plaintiff shall file a Second Amended Complaint within 45 days. The Second Amended Complaint shall be filed in **strict adherence** with this order or be subject to dismissal. If currently unnamed parties are not named at that time, the claims against them will be dismissed. Plaintiff is strongly cautioned, particularly in conjunction with the conspiracy claim, to refrain from simply re-alleging previously dismissed claims, as he has thus far shown a habit of doing, or the entire complaint shall be subject to dismissal as frivolous and harassing.

DATED: **April 10, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge