UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES NAUM,<br><br>    Plaintiff,<br><br>v.<br><br>DANA McGREW; EDWARD LOCKWOOD; DOE Is.<br><br>    Defendants. | Case No. 1:09-CV-633-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Plaintiff's Motion to Dismiss Responses (Dkt. 50), to Motion to Join B. Lynn Winmill as a Third Party Defendant (Dkt. 51), and Motion to Disqualify Judge B. Lynn Winmill (Dkt. 52). For the following reasons, the Court will deny the motions.

## DISCUSSION

**1. Motion to Dismiss Responses**

Plaintiff asks the Court to dismiss Defendants' Answers under Rule 12(a)(1)(A). Under that rule, a defendant must serve an answer within 21 days of being served, or within 60 days after a request for waiver was sent, if the defendant has timely waived service. Fed. R. Civ. P. 12(a)(1)(A). No answers have yet been filed by either Defendant

here.

An order that Defendant Dana McGrew would be allowed to waive service was entered November 4, 2010.  *Order*, Dkt. 25.  The Clerk of Court mailed the notice, complaint, and waiver of service forms to the Attorney General's Office accordingly. *Certificate of Clerk*, Dkt. 26.  Although counsel appeared on behalf of Ms. McGrew, no waiver of service has been filed.  *Notice*, Dkt. 37.  Absent waiver, or service of summons, no deadline for Ms. McGrew's responses is triggered.  Thus, the Court will direct the Clerk of Court to send copies of the notice, complaint, and waivers of service to counsel for Ms. McGrew.  Counsel will have 10 days after receipt of the documents to return the waiver, or Defendant may be required to incur costs of service under Rule 4(d)(2)

As to Defendant Edward Lockwood, the Clerk of Court sent a request for waiver on March 3, 2011.  *Certificate of Clerk*, Dkt. 42.  Mr. Lockwood's waiver was timely filed on March 8, 2011.  *Waiver*, Dkt. 44.  Under Rule 12(a)(1)(A)(ii), the deadline for Mr. Lockwood's answer is May2, 2011.

Neither Defendant currently named and remaining in this action has missed the deadline to file a response.  Accordingly, the motion to dismiss or strike answers will be denied.

**2.    Motions to Name Judge as Third Party Defendant**

Plaintiff cites Rule 14(a)(3) and (b) in support of his motion, which provides that the plaintiff "may assert against the third party defendant any claim arising out of the transaction or OCCURRENCE that is the subject [m]atter of [t]he plaintiff's claim."

*Motion*, Dkt. 51 (emphasis by Plaintiff). The subject matter of this action is the denial of Plaintiff's application for safety-net benefits by the regional Department of Health and Human Services and Idaho Department of Health and Welfare. Plaintiff here has failed to raise any plausible claim against the undersigned judge that arises out of the subject matter of his underlying claim.

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). This is based on the rationale that judges should be free to engage in "principled and fearless decision-making." *Meek v. Cy. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999)(citing *Pierson v. Ray.*, 386 U.S. 547, 554 (1967)). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

Here, Plaintiff asserts that the undersigned judge is "acting as an advocate for the Defendants herein, and has joined their conspiracy in so doing." *Motion*, Dkt. 51. Plaintiff further contends that this judge took the case away from a previously assigned judge and has demonstrated bias in favor of Defendants for political reasons. *Motion*, Dkt. 52. It appears that the actions complained of by Plaintiff are the undersigned's decisions in this matter, which are squarely within the scope of absolute judicial immunity. Plaintiff's motion to join this judge will therefore be denied.

3.  **Motion to Disqualify Judge**

A judge should disqualify himself when "his impartiality might reasonably be questioned," or "where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a). The test for recusal in the Ninth Circuit is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 714 (9th Cir. 1990) (internal citation omitted). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citing *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)). A challenge to the Court's impartiality based upon its rulings is "the basis for appeal, not recusal." *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004).

Plaintiff here has made no showing of prejudice due to an extrajudicial source, nor that the "court's substantive rulings were products of deep-seated favoritism or antagonism that made fair judgment impossible." *Focus Media*, 378 F.3d at 930 (internal citation and punctuation omitted). Despite Plaintiff's obvious disagreement with the Court's decisions thus far in this case, such disagreement does not form a legitimate basis for disqualification of this judge. Plaintiff makes conclusory allegations of bias "for political reasons," *Motion* (Dkt. 52), but cites no factual allegations to support his claims. Plaintiff having failed to establish any reasonable basis to question the undersigned's impartiality, the motion to disqualify will be denied.

# ORDER

**IT IS ORDERED THAT:**

1. Plaintiff's Motion to Dismiss or Strike Responses (Dkt. 50) is **DENIED**.

2. The Clerk of Court shall forward copies of the Amended Complaint (Dkt. 16), the Court's Second Review Order (Dkt. 24), this Order, and a Waiver of Service of Summons to counsel for Defendant Dana McGrew, Attorney Michael Edward Kelly, who has appeared in this matter (Dkt. 37).

3. Defendant Dana McGrew shall within 10 days after receipt of documents named in paragraph 2 above, file a Waiver of Service, or may incur costs of service under Rule 4(d)(2).

4. Plaintiff's Motion (Dkt. 51) to Join B. Lynn Winmill as a Third Party Defendant is **DENIED**.

5. Plaintiff's Motion (Dkt. 52) to Disqualify Judge B. Lynn Winmill is **DENIED**.

DATED: **April 14, 2011**

/s/ B. Lynn Winmill
Honorable B. Lynn Winmill
Chief U. S. District Judge